IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHARLES EDWARD TURNER, JR.,    )
                               )
                Petitioner,    )
                               )
          v.                   )    1:08CV884
                               )
THEODIS BECK,                  )
                               )
                Respondent.    )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 27, 2007, Petitioner pled guilty in the Guilford County Superior Court to four counts of attaining habitual felon status, felony fleeing to elude arrest, assault with a deadly weapon on a law enforcement officer, child abuse, possession of stolen property, breaking and entering, possession of a stolen motor vehicle, and identity theft in cases 07CRS90877, -90873, -91365, -24564, -91365, -24565, -91354, -24560, -90874, -90878, and -24563. One count of possession of stolen property, two counts of possession of stolen goods, one count of larceny, one count of larceny of a motor vehicle, one count of identity theft, one count of misdemeanor driving while license revoked, and two further habitual felon counts were dismissed pursuant to his plea bargain. Petitioner was sentenced to three consecutive terms of 133 to 169 months of imprisonment.

Petitioner did not file a direct appeal, but did file a motion for appropriate relief in the Superior Court of Guilford County on February 27, 2008. This was partially denied on May 5, 2008, with a decision on some claims being reserved until a transcript could be prepared. The remainder of the claims were denied on May 23, 2008. Petitioner then filed what he claimed was an amended motion for appropriate relief on May 29, 2008. Because it was filed at a time when no motion for appropriate relief was pending, it was denied for being moot to the extent that it addressed claims set out in the first motion for appropriate relief. Alternatively, to the extent that it was raising new claims, it was denied for being procedurally barred because the new claims could have been brought in the first motion for appropriate relief. Petitioner sought certiorari from the North Carolina Court of Appeals. However, his petition for certiorari was denied on September 19, 2008. Petitioner then submitted his petition to this Court on December 8, 2008. Petitioner raises four claims for relief in his petition, with each claim having multiple subparts set out in the petition and the supporting memorandum.

## **Petitioner's Motions**

There are several pending motions before the Court. The most significant of these is a motion for summary judgment filed by Respondent. (Docket No. 9.) However, Petitioner has also filed several motions which can all be dealt with prior to a discussion of the summary judgment motion. Petitioner's first motion is a "Request to Retain Right of Objection" in which he states that he

is not waiving any of his rights in habeas corpus proceedings, including the right to object to any recommendations. (Docket No. 16.) There was never any indication that Petitioner was waiving his rights generally or his right to file objections to any recommendations that are entered. His motion is unnecessary and superfluous. Although Petitioner certainly has any rights to which he is ordinarily entitled, his motion is denied.

Petitioner's next motion is a "Request for Authentication Sec. 2254 Rule 7(a)."[1] (Docket No. 24.) He seeks to have the Court, pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases, order Respondent to provide authentication for a Transcript of Plea form attached to Respondent's summary judgment brief as Exhibit 2. Rule 7(a) allows the Court to order the parties to expand the record by submitting additional materials. It may also, in its discretion, order authentication of "these materials." On its face, this rule would not seem to authorize the Court to act as Petitioner requests. Respondent's exhibit is not part of any set of materials submitted at the Court's direction. Further, even if the rule does apply to the exhibit, it states only that the Court "may" order authentication. There is no apparent reason to do so in the present case. This motion is also denied.

Finally, Petitioner makes a motion for appointment of counsel to assist him in pursuing his request for authentication. (Docket

---

[1] The document appears to read "Rule 7(o)." However, because there is no subsection (o) in that rule and because subsection (a) deals with authentication, it is apparent that the motion must really read "Rule 7(a)."

No. 25.) Because that request has been denied, his motion for appointment of counsel is moot and will be denied as well.

**Facts**

The factual basis which supported Petitioner's guilty plea was presented through statements from the prosecutor and testimony from Detective Keith Paul Janco of the University of North Carolina at Greensboro (UNCG) Police Department. (Docket No. 10, Ex. 1 at 21-41.) Petitioner and his girlfriend stole electronic and other equipment from a UNCG classroom building on May 1, 2007. On May 17, 2007, a truck belonging to David Hoggard was stolen from the campus. That same day, a check that was in the stolen truck was written to Petitioner's girlfriend and cashed for $750.00. Information from the checks was also used to transfer money on two occasions from Hoggard's business account to Petitioner's girlfriend's account.

Law enforcement began attempting to locate Petitioner and his girlfriend. When Janco eventually sighted the stolen truck, with Petitioner at the wheel, he initiated a traffic stop. Petitioner first stopped and spoke with Janco. However, when Janco asked him to step out of the vehicle, Petitioner drove away. Janco pursued him in his police vehicle, leading to a high speed chase at speeds up to 100 miles per hour. Petitioner had his girlfriend and a young child in the truck with him. At one point, Petitioner rammed Janco's vehicle with the truck. Janco was able to temporarily stop Petitioner, but Janco's vehicle also stalled. He exited, pulled his pistol, and told Petitioner to stop. Petitioner instead

accelerated and hit another vehicle as he left the scene. Janco stopped pursuit because he felt it was too dangerous to continue. The stolen truck was located later that same day in a parking lot in Winston-Salem. Petitioner was arrested in a nearby bookstore. Some of the stolen equipment from UNCG was located at his residence.

### Standard of Review

If the Court finds that Petitioner's claims were adjudicated by the state courts on their merits, it must then apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to petitioner's claims. That statute states that habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable"

is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-411. A holding is not reasonable simply because precedent written by one of the Nation's jurists agrees with it. Id. at 410. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Most of Petitioner's claims were adjudicated on their merits as part of the denial of Petitioner's first motion for appropriate relief. (Docket No. 10, Exs. 6, 7.) Therefore, the standards set out will apply to those claims. Some of his claims were only presented in the second motion for appropriate relief and were rejected by the state court on the basis of procedural bar.[2] (Id., Ex. 9.) Where this is so, the application of the procedural bar and its effect on Petitioner's current claims will be discussed.

## Discussion

### Claim One

Petitioner's first claim addresses the actions of the state trial judge. He initially claims that the judge was improperly biased because he knew one of the witnesses. That claim was raised in Petitioner's first motion for appropriate relief and denied on its merits. The order denying the claim notes that no bias was

---

[2]Petitioner construes his second motion for appropriate relief as having been an amendment or further explanation of his first motion, not as being a second motion. However, the Court has reviewed the motions and finds that the state court's treatment of the two documents as separate motions was correct.

-6-

Case 1:08-cv-00884-JAB-LPA   Document 26   Filed 04/27/09   Page 6 of 18

is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-411. A holding is not reasonable simply because precedent written by one of the Nation's jurists agrees with it. Id. at 410. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Most of Petitioner's claims were adjudicated on their merits as part of the denial of Petitioner's first motion for appropriate relief. (Docket No. 10, Exs. 6, 7.) Therefore, the standards set out will apply to those claims. Some of his claims were only presented in the second motion for appropriate relief and were rejected by the state court on the basis of procedural bar.[2] (Id., Ex. 9.) Where this is so, the application of the procedural bar and its effect on Petitioner's current claims will be discussed.

## Discussion

### Claim One

Petitioner's first claim addresses the actions of the state trial judge. He initially claims that the judge was improperly biased because he knew one of the witnesses. That claim was raised in Petitioner's first motion for appropriate relief and denied on its merits. The order denying the claim notes that no bias was

---

[2]Petitioner construes his second motion for appropriate relief as having been an amendment or further explanation of his first motion, not as being a second motion. However, the Court has reviewed the motions and finds that the state court's treatment of the two documents as separate motions was correct.

evident and that the presiding judge actually took extraordinary care to protect Petitioner's rights during the plea hearing. (Docket No. 10, Ex. 7.) "While 'a fair trial in a fair tribunal is a basic requirement of due process,' not all claims of bias rise to a constitutional level." Rowsey v. Lee, 327 F.3d 335, 341 (4th Cir. 2003)(quoting Withrow v. Larkin, 421 U.S. 35, 46 (1975)). "In order to prevail in a deprivation of due process claim, a defendant must show a level of bias that made "'fair judgment impossible.'" Id.(quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Petitioner has not done that in this case. As the state court found in denying the motion for appropriate relief, the trial judge was careful in protecting Petitioner's rights. Further, the transcript of the sentencing hearing reveals that the sentencing judge himself was the one who revealed to the parties that he knew the victim in order to allow them to raise any objections. (Docket No. 10, Ex. 1 at 3.) Neither party did. Petitioner cannot show that "fair judgment was impossible" or that the state court's determination that there was no bias was contrary to or an unreasonable interpretation of the appropriate Supreme Court precedent.

Petitioner's next contention is that the sentencing judge violated his plea agreement by sentencing him to three consecutive terms of 133 to 169 months, instead of one term of that length. Petitioner alleges that when he signed a Transcript of Plea form on the day before the hearing, it contained a promise of a single sentence, in addition to a promise that certain pending charges

-7-

would be dismissed. He argues that the term setting his sentence was then deleted before the Transcript of Plea form was entered into the state record on the following day. As evidence, he provides a written Transcript of Plea form that he signed a little over one month before his plea. (Docket No. 6, Appx., Ex. B.) That form does contain all of the language that Petitioner now claims was in the plea agreement when he signed it. Also, a visual examination of the Transcript of Plea form that was eventually entered into the state record admittedly appears to be a copy of the form Petitioner signed a month before, but with the term that he would be given a single sentence "whited out." Only the promise to dismiss certain charges remains. (Id.)

Despite the unusual nature of the forms--the early signings and the apparent deletion of terms at some unknown point in time during the month prior to Petitioner actually entering his plea-- Petitioner is still not entitled to relief. The written Transcript of Plea that was entered into the state court record reflects that the only promise made by the state was that it would dismiss certain pending charges. No promise was made regarding sentencing. That agreement was the one read into the record and accepted by the judge at the plea hearing. Further, as noted in the state order denying the motion for appropriate relief, the judge then asked Petitioner whether any other promises had been made. Petitioner replied that no other promises were made. This finding is supported by the stenographic transcript. (Docket No. 10, Ex. 1 at 15.) Accordingly, the state court found that the more limited

agreement was the one agreed to knowingly and voluntarily by Petitioner.

As with the prior claim, the state court's decision does not run afoul of established Supreme Court precedent. Whatever happened prior to the time of Petitioner's actual guilty plea hearing, the agreement verbally stated in open court matches the one now contained in the state court records. Petitioner agreed on the record and under oath that there were no other promises. "Because a plea of guilty is a solemn, judicial admission of the truth of the charge, a prisoner's right to contest it is usually, but not invaribly [sic], foreclosed." Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981)(citing Blackledge v. Allison, 431 U.S. 63 (1977)). In order to collaterally attack a guilty plea, a petitioner must present valid reasons why his statements at the time of his plea should not be accepted as true. Id. at 172; see also Edmonds v. Lewis, 546 F.2d 566, 567-568 (4th Cir. 1976); Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975), overruled on other grounds, United States v. Whitley, 759 F.2d 327 (4th Cir. 1985). Petitioner has not shown why his oral statements, which match the written form in the state records, should be disregarded in this case. Therefore, this claim should be denied.

### Claim Two

Petitioner's second claim makes multiple allegations regarding problems with his guilty plea. The first of these is a repetition of Petitioner's assertion that he signed a Transcript of Plea form

-9-

which was altered after he signed it.  This claim fails for the reasons just set out above.

His second contention is that his plea was invalid because he entered it while under the influence of mind-altering drugs.  This appears to be factually true, but it is legally insignificant.  A criminal defendant "may not waive his right to counsel or plead guilty unless he does so 'competently and intelligently.'" Godinez v. Moran, 509 U.S. 389, 396 (1993)(quoting Johnson v. Zerbst, 304 U.S. 458, 468 (1938)).  The standard for competence is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'" Godinez at 396 (quoting Dusky v. United States, 362 U.S. 402 (1960)).

Again, Petitioner raised this claim in his first motion for appropriate relief.  The state court found that the fact that Petitioner had taken medications at "4:00" was noted on the written Transcript of Plea form.  It also found that the stenographic transcript revealed that the judge accepting the plea had very carefully inquired as to the effect of the medications on Petitioner and had found, in accordance with Petitioner's representations, that the drugs did not prevent Petitioner from understanding the judge, the nature of the proceedings, or his attorney's advice. Clearly, the state court addressed exactly the appropriate points required by the relevant Supreme Court precedent.  Its findings and decision are amply supported by the

-10-

Case 1:08-cv-00884-JAB-LPA   Document 26   Filed 04/27/09   Page 10 of 18

Transcript of Plea form and the stenographic transcript of the plea hearing. (Docket No. 10, Ex. 1 at 6-7.) For these reasons, Petitioner's claim that his use of prescription medication rendered his guilty plea invalid should be denied.

Finally, Petitioner complains that the factual basis supporting his plea was not summarized. This is simply incorrect. As set out above in the portion of this recommendation containing the facts of the case, the factual basis was presented on the record through the testimony of a law enforcement officer. Petitioner's real complaint seems to be that the summary was entered using the officer's testimony, rather than a more abbreviated presentation form. Although Petitioner might have preferred a different method of presentation, he is not constitutionally entitled to one. He fails to state a proper federal habeas claim on this point. This contention, along with all of Petitioner's second claim for relief, should be denied.

### Claim Three

Petitioner's next claim is one for ineffective assistance of counsel. An ineffective assistance of counsel claim is evaluated by using a two-part test:

> In order to establish an ineffective assistance of counsel claim . . . [a petitioner is] required to establish that his "counsel's representation fell below an objective standard of reasonableness," measured by the "prevailing professional norms," [citing Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, 104 S.Ct. 2052. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that

-11-

> renders the result unreliable." Id. at 687, 104 S.Ct. 2052.
>
> In determining whether counsel's performance was deficient, "[i]t is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689, 104 S.Ct. 2052. Hence, "court[s] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [and] that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks omitted).
>
> Similarly, in evaluating whether the defendant has shown actual prejudice from any such deficient performance, it is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." Id. at 693, 104 S.Ct. 2052. Rather, a "reasonable probability" that the result would have been different requires "a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. When challenging a conviction, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695, 104 S.Ct. 2052. And, "[w]hen a defendant challenges a death sentence . . ., the question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." Id.

Fisher v. Lee, 215 F.3d 438, 446-447 (4th Cir. 2000).

In the case of a guilty plea, a petitioner may also have to explain why, without counsel's alleged shortcomings, he or she would have pled not guilty and insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

Petitioner makes multiple allegations regarding his attorney's performance. Among them are statements that his attorney was proceeding under a conflict of interest because he had been offered

-12-

a job as a magistrate in state court, that his attorney failed to object to the bias of the judge, that his attorney improperly failed to object when the judge failed to rule on a motion to have Petitioner psychologically evaluated, that his attorney failed to object to a defective indictment, and that his attorney failed to object to the use of an out-of-state conviction in calculating his criminal history at sentencing.

These particular allegations of ineffective assistance of counsel were not raised until Petitioner's second motion for appropriate relief, meaning that the state court rejected them for being procedurally barred under N.C. Gen. Stat. § 15A-1419(a). Absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. See Harris v. Reed, 489 U.S. 255, 262 (1989). A procedural rule under which the state court has declined to consider the merits of a petitioner's claims is adequate if it is regularly or consistently applied by the state court, Johnson v. Mississippi, 486 U.S. 578, 587 (1988), and is independent if it does not "depend . . . on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S. 68, 75 (1985).

The Fourth Circuit has considered whether a petitioner whose claims have been denied under N.C. Gen. Stat. § 15A-1419(a) is thereby barred from bringing those claims in a federal habeas petition. Boyd v. French, 147 F.3d 319 (4th Cir. 1998). In finding that such a petitioner is barred, the circuit court stated:

-13-

> This court has consistently held, however, that § 15A-1419 is an adequate and independent state-law ground for decision foreclosing federal habeas review. See Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998); Ashes v. Styles, 39 F.3d 80, 87-88 (4th Cir. 1994) (explaining that a federal habeas petition should have been denied on the basis of procedural default because the state court denied relief pursuant to § 15A-1419(a) which is "an adequate and independent state law ground of decision"); see also O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996) (en banc) (holding that unambiguous procedural rules derived from state statutes or court rules are necessarily "firmly established" (internal quotation marks omitted)), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) . . . .

Boyd, 147 F.3d at 332. Unless petitioner demonstrates cause and prejudice for his procedural default, or establishes that this Court's refusal to address his claims on the grounds of procedural default would result in a miscarriage of justice, this Court cannot review the merits of the claims.

Here, Petitioner has not even attempted to demonstrate cause and prejudice or show that failure to consider the claims would create a miscarriage of justice. Instead, he argues that his second motion for appropriate relief was really an amendment or explanation of his first motion for appropriate relief. The Court has already rejected this argument. See supra, n.2. Petitioner also contends that the state court did not specifically set out which claims in his second motion for appropriate relief were procedurally barred. (Docket No. 18 at 2-3.) In fact, it did not need to so specify because it held that all claims not raised in the first motion for appropriate relief were procedurally barred. It had already defined the claims raised in the first motion for

-14-

appropriate relief in its orders denying that motion. The order denying the second motion for appropriate relief is adequate to allow this Court to define and apply the procedural bar to the claims listed previously. Therefore, those claims should be denied as being barred from federal habeas review.

Petitioner has two remaining ineffective assistance of counsel claims, both of which were raised in his first motion for appropriate relief and decided on their merits. The first of these is an allegation that his attorney misled him regarding the terms of his plea agreement. The second is that his attorney failed to object when the plea agreement was violated by the consecutive sentences. These claims are merely more reiterations of Petitioner's claim that he signed or agreed to a plea bargain different from the one now in the record. This claim meets with no more success in the ineffective assistance of counsel context than it did in its previous forms. Again, Petitioner cannot get around the state court's finding that the record shows that he orally agreed that the written Transcript of Plea form which made no sentencing promises was his entire plea agreement. Therefore, his attorney did not misadvise him and had no reason to object. Petitioner has established neither attorney error nor prejudice on these points. Therefore, these claims should be denied on the basis that the state court did not make a decision contrary to, or involving an unreasonable application of, established Supreme Court precedent when it denied these claims in Petitioner's first motion for appropriate relief.

## Claim Four

Petitioner's fourth, and final, claim for relief alleges errors in his indictment and at sentencing. The first alleged error is that his identity theft charge should have been a misdemeanor because it alleged an amount of loss less than $500. This claim was raised in Petitioner's first motion for appropriate relief and rejected by the state courts on the ground that Petitioner was indicted under N.C. Gen. Stat. § 14-113.20, which is a Class G or F felony depending on the circumstances. This is an interpretation of state law by a state court, which does not ordinarily implicate any violation of federal law that can be raised in a habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Further, a review of N.C. Gen. Stat. § 14-113.20 reveals that all charges under that statute are felonies and that the amount of loss is not a consideration. This claim is completely without merit.

Petitioner next states that he was unaware that he could receive consecutive sentences. This is yet another attempt to raise a claim that he did not agree to or understand the plea bargain now in the record. Unfortunately for Petitioner, the stenographic transcript shows that he was warned by the judge accepting his plea that the sentence for each charge could be in addition to the sentences on the other charges and that he could receive a total punishment of 1,566 months, 120 days. (Docket No. 10, Ex. 1 at 10-14.) The state court's previously discussed denial

of this claim is again sufficient under the AEDPA standards of review.

Petitioner next reraises as an independent claim the fact that he received a one-point addition to his criminal history score due to an out-of-state charge that was treated as a Class 1 misdemeanor. This claim was raised in Petitioner's first motion for appropriate relief. The state court, in denying that motion, stated that no out-of-state conviction was used in calculating Petitioner's criminal history score. This appears to have been an erroneous statement. The stenographic transcript of Petitioner's plea and sentencing plainly shows that the presiding judge did count an out-of-state conviction as a Class 1 misdemeanor at sentencing and assess one criminal history point. (Docket No. 10, Ex. 1 at 55.) Still, Petitioner is not entitled to relief.

This claim alleges an error of state law, which does not ordinarily provide a proper basis for a federal habeas claim. Further, there was no error. North Carolina sentencing law very clearly allows out-of-state convictions to be used in calculating a criminal history score. They are treated as either felonies or misdemeanors, depending on the classification of any analogous North Carolina crimes. N.C. Gen. Stat. § 15A-1340.14(e). Here, Petitioner admitted to having the out-of-state conviction and that he received a two-year sentence. (Docket No. 10, Ex. 1 at 54.) The presiding judge noted that this might well mean that the conviction should be scored as a felony, but scored it as a misdemeanor out of an abundance of caution. (Id. at 55.) If

-17-

anything, Petitioner received an undeserved reduction of a criminal history point, not the unfair addition of one.  This claim should be denied.

Finally, Petitioner again complains that no ruling was made on his request for a psychological examination.  He did not raise this point until his second motion for appropriate relief, meaning that it is now procedurally barred.  Petitioner's fourth claim fails as to all of its points and should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motions to retain his right of objection (docket no. 16), to have certain documents authenticated (docket no. 24), and to have counsel appointed (docket no. 25) are denied.

**IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 9) be granted, that the petition (docket no. 1) be denied, and that Judgment be entered dismissing this action.


                                /s/ Donald P. Dietrich
                                **Donald P. Dietrich**
                        **United States Magistrate Judge**

April 27, 2009

-18-

Case 1:08-cv-00884-JAB-LPA   Document 26   Filed 04/27/09   Page 18 of 18